IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOY C. REILY, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:17-cv-01145-B |
| § | |
| PGIM, INC. and RANDALL M. KOB, § | |
| § | |
| Defendants. § | |

**DEFENDANTS' ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants PGIM, Inc. ("PGIM") and Randall M. Kob ("Kob") (collectively, "Defendants") file this Answer to Plaintiff's First Amended Complaint ("Complaint"), pursuant to Federal Rule of Civil Procedure 12, and would respectfully show as follows:

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8, Defendants answer the specific allegations of the Complaint by correspondingly numbered paragraphs as follows:

With respect to the unnumbered, introductory paragraph on page 1 of the Complaint, Defendants admit that Plaintiff has filed this lawsuit under the FMLA, but deny the remaining allegations.

**INTRODUCTION**

Defendants admit that Plaintiff first became employed by The Prudential Insurance Company of America in or around August 1998. Defendants admit that at the time of her resignation, Plaintiff was an employee of PGIM[1] and worked for Prudential Capital Group, LP

---

[1] PGIM was formerly known as Prudential Investment Management, Inc., and Prudential Investment Management, Inc., was formerly known as Prudential Investment Corporation.

**DEFENDANTS' ANSWER
TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**                                                Page 1

("PCG"), a direct subsidiary of PGIM, and that Plaintiff reported to Randall M. Kob. Defendants admit that, sometime in 2015, Kob informed Plaintiff that he was not going to approve any additional PTO for vacation until progress was made in completing the backlog of work that was not getting done, but he did not deny any time off for any FMLA qualifying reason. Defendants admit that Plaintiff sent an email the evening of May 31, 2015 indicating that she would not be in the office the following day, but deny that Kob read the email at the time. Defendants deny the remaining allegations in the "Introduction" section of the Complaint.

## PARTIES

1. Defendants lack knowledge or information sufficient to form a belief about Plaintiff's allegations regarding her place of residence and therefore deny the allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2. However, Defendants deny that Prudential Financial, Inc. is a proper party because Plaintiff was employed by PGIM.

3. Defendants admit the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Defendants admit that this court has subject matter jurisdiction under the FMLA, but deny that Defendants are liable to Plaintiff under the FMLA and further deny that Defendant Kob is an "employer" under the FMLA with respect to Plaintiff.

5. Defendants admit that venue is proper in the United State District Court for the Northern District of Texas, Dallas Division, but deny that the events allegedly giving rise to Plaintiff's claim occurred as alleged.

**FACTUAL ALLEGATIONS**

6.      Defendants admit that Plaintiff worked for PGIM as Associate Manager, Administration in 2015 and 2016 and that Plaintiff had been employed with PGIM for over one year, had worked in excess of 1,250 hours for PGIM, and that PGIM employed 50 or more employees each working day for 20 or more calendar workweeks at Plaintiff's worksite and/or in other worksites within 75 miles thereof.  Defendants admit that PGIM was engaged in commerce or an industry affecting commerce during Plaintiff's employment.  Defendants admit that Kob was employed by PGIM and that he had supervisory authority over Plaintiff.  Defendants deny the remaining allegations in paragraph 6.

7.      Defendants admit that, in 2014 or early 2015, Kob was assigned responsibilities for soliciting investments in the Prudential Capital Energy Partners fund and that Plaintiff had some responsibilities added and some responsibilities reduced as well.  Defendants admit that, sometime in 2015, Kob informed Plaintiff that he was not going to approve any additional PTO for vacation until progress was made in completing the backlog of work that was not getting done, but he did not deny any time off for any FMLA qualifying reason.  Defendants deny the remaining allegations in paragraph 7.

8.      Defendants admit that Plaintiff sent an email the evening of May 31, 2015 indicating that she would not be in the office the following day, but deny that Kob read the email at the time.  Defendants admit that Plaintiff did not report to work on June 1, 2015.  Defendants deny the remaining allegations in paragraph 8.

9.      Defendants admit that Plaintiff called Debra Seidman ("Seidman") but deny she complained of harassment or requested that Kob stop harassing her.  Defendants admit that Seidman stated that she would talk to Kob and get back with Plaintiff.  Defendants admit that

Seidman talked to Kob and communicated with Plaintiff thereafter. Defendants admit that Kob told Seidman that he was very concerned about Plaintiff, didn't know what to do when she did not call or show up for work, and, at the suggestion of a co-worker, asked the police to conduct a courtesy check to see if Plaintiff was okay. Defendant PGIM admits that Plaintiff told Seidman she had sent an email. Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit that, sometime in 2015, Kob informed Plaintiff that he was not going to approve any additional PTO for vacation until progress was made in completing the backlog of work that was not getting done, but he did not deny any time off for any FMLA qualifying reason. Defendants lack knowledge or information sufficient to form a belief about Plaintiff's specific allegations regarding Plaintiff's mother and therefore deny the allegations. Defendants deny the remaining allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

### FIRST CAUSE OF ACTION: INTERFERENCE WITH PROTECTED BENEFITS IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

15. Defendants' responses to the allegations set forth in paragraphs 1-14 are fully incorporated herein and apply to this cause of action.

16. Defendant PGIM admits it was Plaintiff's employer under the FMLA. Defendants deny the remaining allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

## SECOND CAUSE OF ACTION: RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

19. Defendants' responses to the allegations set forth in paragraphs 1-18 are fully incorporated herein and apply to this cause of action.

20. Defendant PGIM admits it was Plaintiff's employer under the FMLA. Defendants deny the remaining allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

## JURY DEMAND

23. Defendants admit that Plaintiff has requested a trial by jury, but deny that Plaintiff is entitled to trial by jury as to the equitable relief asserted.

## DAMAGES & PRAYER

Defendants admit that Plaintiff has made allegations of damages and requested the relief contained in Section VII, subparts A-J, but deny that Plaintiff has suffered any damages or is entitled to any such relief.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendants assert the following affirmative defenses as authorized by FED. R. CIV. P. 8(c):

1. Defendants deny that PFI is a proper party to this lawsuit because it was never an employer of Plaintiff or Kob.

2. Defendant Kob denies that he was an employer as to Plaintiff under the FMLA.

3. Defendants allege that Plaintiff's claims are barred, in whole or in part, to the extent that they fail to state a claim upon which relief may be granted.

4. Defendants allege that all or some of Plaintiff's claims are barred by the applicable statute of limitations and/or the equitable doctrine of laches, waiver, and/or estoppel.

5. Defendants allege that all employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons unrelated to Plaintiff's alleged exercise of rights under the FMLA.  Defendants would have taken the same course of action in the absence of any discriminatory motive alleged by Plaintiff.

6. Defendants allege that any act or omission on Defendants' part that gave rise to Plaintiff's claims was in good faith, and that Defendants had reasonable grounds for believing that any such act or omission was not a violation of federal law.

7. Defendants would show that Plaintiff suffered no adverse employment action or prejudice as the result of any alleged interference, discrimination, or retaliation.

8. Defendants allege that there is no causal connection between any act or omission of Defendants and any alleged damages of Plaintiff.

9. Defendants allege that the claims and/or damages made the basis of this lawsuit must fail to the extent that such claims and/or damages are barred by the doctrine of after-acquired evidence.

10. Plaintiff's damages are limited to the extent she failed to take necessary, reasonable and/or appropriate steps to mitigate her damages, if any.  If found liable, Defendants are entitled to a reduction in damages with respect to the sums that Plaintiff earned or could have earned had she exercised reasonable diligence to mitigate her damages.

11. Plaintiff's claims for liquidated damages are not merited in this case for the reason that all actions by Defendants with regard to Plaintiff were made in good faith and based on a

reasonable belief that Defendants were in compliance with federal law prohibiting interference, discrimination, or retaliation.

12. Plaintiff did not engage in the requisite protected conduct to establish a retaliation claim.

13. Defendants allege that their actions were not willful, intentional, malicious, or in reckless disregard of Plaintiff's rights.

Defendants reserve the right to state additional defenses as they become known through further investigation and discovery in this case.

**WHEREFORE**, Defendants request that this Court set this matter for hearing and that upon the trial thereof the Court enter judgment for Defendants, ordering that Plaintiff take nothing of or recover anything from Defendants, awarding costs against Plaintiff, and awarding Defendants such other and further relief to which they may be entitled.

Respectfully submitted,

By: */s/ Lori M. Carr*
Lori M. Carr
Texas Bar No. 13815690
Terah Moxley
Texas Bar No. 24074768
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Telecopier: (214) 599-4099
lcarr@estesthornecarr.com
tmoxley@estesthornecarr.com

**ATTORNEYS FOR DEFENDANTS
PGIM, INC. and RANDALL M. KOB**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of August 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court and that I have served the following counsel of record electronically:

Dale M. Rodriguez
Law Office of Dale M Rodriguez
555 Republic Drive, 2nd Floor
Plano, TX 75074

                                              */s/ Lori M. Carr*
                                              Lori M. Carr